UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATALIE BIRMINGHAM, ) | |
| ) | |
| Movant, ) | |
| ) | |
| vs. ) | Case No. 4:05CV1192 JCH |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Movant's Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 U.S.C. § 2255 ("§ 2255 Motion"), filed July 22, 2005. (Doc. No. 1). The matter is fully briefed and ready for disposition.

Movant Natalie Birmingham ("Movant") was charged by Indictment with five counts of Fraud by Wire, in violation of Title 18, United States Code, Section 1343. (Indictment (4:04CR364 JCH, Doc. No. 1)). On September 1, 2004, Movant entered a plea of guilty to Count 1 of the Indictment, pursuant to a Plea Agreement, Guidelines Recommendations and Stipulation of Facts Relative to Sentencing. (Change of Plea Proceeding (4:04CR364 JCH, Doc. Nos. 18, 19)). On December 28, 2004, this Court sentenced Movant to 33 months imprisonment, followed by two years supervised release. (Amended Judgment (4:04CR364 JCH, Doc. No. 29)). The Court further ordered Movant to pay $631,704.92 as restitution. (Id.). Movant did not appeal her conviction or sentence, and so the conviction became final on January 7, 2005, ten days after the entry of judgment. See Fed. R. App. P. 4(b)(1)(A).

On July 22, 2005, Movant filed the instant § 2255 Motion. As the Court construes Movant's motion, she asserts the following two grounds for relief:

(1) That this Court erred in failing to reconsider Movant's sentence, in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005); and

(2) That Movant received ineffective assistance of counsel, in that her counsel, "stated [Movant] would be resentenced once [Booker] went into effect, however [Movant] never was."

(§ 2255 Motion, P. 4). The Court will address Movant's assertions in turn.

## STANDARDS GOVERNING MOTIONS UNDER 28 U.S.C. § 2255

Pursuant to 28 U.S.C. § 2255, a federal prisoner may seek relief on the ground that "the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack,..." 28 U.S.C. § 2255. Claims based on a federal statute or rule, rather than on a specific constitutional guarantee, can be raised "on collateral review only if the alleged error constituted a 'fundamental defect which inherently results in a complete miscarriage of justice.'" Reed v. Farley, 512 U.S. 339, 354, 114 S.Ct. 2291, 129 L.Ed.2d 277 (1994) (citations omitted).[1]

The Court must hold an evidentiary hearing to consider claims in a § 2255 motion "'[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief.'" Shaw v. United States, 24 F.3d 1040, 1043 (8th Cir. 1994) (citing 28 U.S.C. § 2255). Thus, a movant is entitled to an evidentiary hearing "'when the facts alleged, if true, would entitle him to relief.'" Payne v. United States, 78 F.3d 343, 347 (8th Cir. 1996) (quoting Wade v. Armontrout, 798 F.2d 304, 306 (8th Cir. 1986)). The Court may dismiss a claim "'without an evidentiary hearing if

---

[1] "[A]t least where mere statutory violations are at issue, '§ 2255 was intended to mirror § 2254 in operative effect.'" Reed, 512 U.S. at 353 (quoting Davis v. United States, 417 U.S. 333, 344 (1974)).

the claim is inadequate on its face or if the record affirmatively refutes the factual assertions upon which it is based.'" Shaw, 24 F.3d at 1043 (citation omitted).

## DISCUSSION

### I. Ground 1

In Ground 1 of her § 2255 Motion, Movant maintains this Court erred in failing to reconsider her sentence, in light of the Supreme Court's decision in United States v. Booker, 543 U.S. 220 (2005). In Never Misses A Shot v. United States, however, the Eighth Circuit held that, "the 'new rule' announced in *Booker* does not apply to criminal convictions that became final before the rule was announced[2], and thus does not benefit movants in collateral proceedings." Never Misses A Shot v. United States, 413 F.3d 781, 783 (8th Cir. 2005) (citations omitted). Since Booker does not apply retroactively, Movant is not entitled to the ruling she seeks, and so Ground 1 of her § 2255 Motion must be denied. See Gutierrez v. United States, 2006 WL 1069439 (8th Cir. Apr. 24, 2006).

### II. Ground 2

In Ground 2 of her § 2255 Motion, Movant maintains she received ineffective assistance of counsel, in that her counsel, "stated [Movant] would be resentenced once [Booker] went into effect, however [Movant] never was." (§ 2255 Motion, P. 4).[3] In order to prevail on a claim of ineffective assistance of counsel, Movant must show that her attorney's performance was "deficient," and that the deficient performance was "prejudicial." Strickland v. Washington, 466 U.S. 668, 687, 104 S.Ct.

---

[2] As stated above, Movant's conviction became final on January 7, 2005, five days before the Booker decision was issued.

[3] Although Movant did not raise her claim of ineffective assistance of counsel on direct appeal, it is not subject to procedural default, as it could not have been raised on direct appeal. See United States v. Jones, 121 F.3d 369, 370 (8th Cir. 1997) (internal quotations and citation omitted) ("An ineffective assistance of trial counsel claim is usually not cognizable on direct appeal because facts outside the record generally need to be developed to resolve the claim.").

2052, 2064, 80 L.Ed.2d 674 (1984). Counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Id. at 690. To overcome this presumption, Movant must prove that, "in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance." Id.

Even if Movant satisfies the performance component of the analysis, she is not entitled to relief unless she can prove sufficient prejudice. Id. at 691. Movant must prove that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. In the context of a guilty plea, to demonstrate prejudice the movant must show that, but for counsel's error, she would not have pled guilty, but would have insisted on going to trial. Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985).

Upon consideration, the Court finds that with her claim of ineffective assistance of counsel, Movant satisfies neither prong of the Strickland test. First, with respect to allegedly deficient performance, the Government submits an affidavit from Movant's attorney, Mr. Michael J. Fagras, in which he testifies in relevant part as follows:

> As the attorney of record for Defendant Birmingham, and during the pendency of my representation, I disclosed, discussed, and provided Defendant a copy of the most current guidelines regarding her charges, as outlined in her indictment....Once it was established that the government's evidence could support the charge for which she was indicted, and Ms. Birmingham made the conscious decision that she wished to enter a plea of guilty to the charge, I cross checked the Plea Agreement, Guidelines, Recommendations and Stipulations to determine that the sentence, as stated in the Recommendation, was accurate and in accordance with the Sentencing Guidelines. It was. I never told Ms. Birmingham that I would have the Court re-sentence her as I was never apprised of any new guideline changes prior to or subsequent to her sentencing.

(Government's Response to Movant's § 2255 Motion, attached Exh. 2). Under these circumstances, the Court finds Movant's attorney's actions fell within the "wide range of professionally competent assistance" sanctioned by Strickland, and thus his performance was not constitutionally deficient.

With respect to Strickland's second prong, the Court finds Movant fails to demonstrate the requisite prejudice as well. Specifically, the Court notes that in her § 2255 Motion, Movant fails to delineate the manner in which the Booker decision would have impacted either her initial decision to plead guilty, or her eventual conviction and sentence. Without such evidence, Movant's claim of prejudice must fail. Ground 2 is denied.[4]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Movant's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. No. 1) is **DENIED,** and Movant's claims are **DISMISSED** with prejudice. An Order of Dismissal will accompany this Memorandum and Order.

**IT IS FURTHER ORDERED** that because Movant cannot make a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability. See Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997), cert. denied, 525 U.S. 834 (1998).

Dated this 26th day of July, 2006.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[4] On February 22, 2006, Movant submitted an Application for Leave to File a Second or Successive Motion to Vacate, Set Aside or Correct Sentence. (Doc. No. 5). Upon consideration, the Court finds Movant apparently intended to file her Application with the Eighth Circuit Court of Appeals, and so the Court will not address it here.